**Elias Gomez ZAVALA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17077.**

United States Court of Appeals
Fifth Circuit.

June 3, 1958.

Rehearing Denied July 7, 1958.

---

[1]. 11 U.S.C.A. § 96, sub. b.

Phil B. Foster, Del Rio, Tex., for appellant.

Russell B. Wine, U. S. Atty., San Antonio, Tex., Robert S. Pine, James E. Hammond, Asst. U. S. Attys., El Paso, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

Found guilty by the jury on two counts of an indictment charging him, in count one with knowingly smuggling into the United States 66 pounds of marihuana, and in count two with concealing and transporting the same marihuana, knowing it to have been imported contrary to law, defendant was sentenced to confinement in the penitentiary for five years.

Appealing from the judgment, defendant is here assigning two grounds[1] for reversal.

■ Of the first ground, the failure to give defendant's requested charge on possession, it is sufficient to say that there was no error in refusing to give the requested instruction. The court's charge, emphasizing as it did: that the defendant could not be convicted unless the evidence established beyond a reasonable doubt that, knowingly and with intent to defraud, he smuggled and concealed the marihuana; that the defendant in a criminal case is presumed to be innocent and the burden of proof is upon the government to establish every element of violation of the law to the satisfaction of the jury beyond any reasonable doubt; accorded the defendant full protection against being convicted without full and convincing proof of guilt being made as required by law.

■ Finally, it is clear that defendant stands no better upon his second ground that the evidence was insufficient to convict him. It is true that he and his codefendant both took the stand and both denied knowledge of the marihuana found hidden in the car. It is also true, how-

---

1. (1) That the court erred in refusing to submit to the jury the appellant's requested charge No. 3, "To constitute possession of the marihuana in question, the defendant must knowingly have the condemned article in his possession or under his control"; and

(2) That the evidence was insufficient to sustain the verdict and his motion for acquittal should have been granted.

ever, that it was for the jury to say whether, on the testimony as a whole, including the incriminating facts and circumstances under which the defendants came into possession of and were handling the car and its contents and the statements and answers made by them to the arresting officers, that they knew the contents of the car, their testimony, that they had no guilty knowledge, was credible and to be accepted.

No prejudicial error appearing, the judgment is affirmed.